UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

GSP Securities LLC,                    :

               Plaintiff,    :                      25-CV-9653 (VSB)
                           :
           -against-      :
                           :                  **ORDER**

AJM Investment Inc.,          :

              Defendant.   :
                           :
------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff GSP Securities LLC's complaint, filed on November 19, 2025, asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C § 1332.  (Doc. 1 ("Compl.") ¶¶ 7–9.)  Plaintiff asserts that there is complete diversity of citizenship present between the parties because:  (1) Plaintiff is a Delaware limited liability company with its principal place of business in New York; (2) it's members are "Emigrant Bancorp, which is a Delaware corporation with its principal place of business in New York, and Salvatore Galatioto, who is a New York resident"; and (3) "Defendant AJM Investment Inc. is an Illinois corporation" with its principal place of business in Chicago, Illinois.  (*Id.* ¶¶ 7–8.)

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  However, Plaintiff has not properly alleged diversity of citizenship in its complaint.

While Plaintiff correctly includes information about the members of GSP Securities LLC, since the citizenship of an LLC "is [not] determined [ ] by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC," *Agility Logistics*

*Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009), Plaintiff simply notes that Salvatore Galatioto, one of its members, is "a New York resident." (Compl. ¶ 7.) However, an individual's citizenship for purposes of diversity jurisdiction depends not on his residency, but rather on his domicile. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010). Domicile is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). Domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (holding that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"). Thus, Plaintiff has not properly established the citizenship of member Salvatore Galatioto, which is critical to determining the citizenship of GSP Securities LLC. *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (to invoke diversity jurisdiction, the removing party must therefore establish "the citizenship of each member of the limited liability company" (citing *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005))).

"A failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy*, 126 F.3d at 103. By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Second Circuit has established that "[s]uch amendments will be freely permitted where necessary to avoid dismissal

on purely technical grounds." *Canedy*, 126 F.3d at 103.

Accordingly, Plaintiff is hereby:  ORDERED to file either an amended complaint or a declaration regarding Salvatore Galatioto's citizenship within fourteen (14) days of the filing of this Order curing the defects described herein.

SO ORDERED.

Dated:    December 1, 2025
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge